UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 1 6 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Itancan Wasaka, )
)
      Plaintiff, )
)
v. ) Civil Action No. 18-1492 (UNA)
)
)
Ronda Hubbard, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). "[N]aked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation, internal quotation marks, and alterations omitted).

Plaintiff resides in Croydon, New Hampshire. The complaint is difficult to follow but arises from an alleged contract between plaintiff and a private defendant in Boerne, Texas, *see*

1

Compl. Caption, to secure "a loan for real estate and construction" for "the Croatan Oyate Tribal Nation at La Veta Pass in Colorado." Compl. at 3. Plaintiff seeks $25,000 "to return the plaintiff's contractual payment, pay court costs, [and] provide for damages from loss of profits due to deliberate delays, and racial discrimination." Compl. at 9.

The complaint presents no federal question, and the amount in controversy is well below the minimum required for diversity jurisdiction. To the extent that plaintiff is acting on behalf of the Tribal Nation, moreover, 28 U.S.C. § 1654 "does not allow [artificial entities] to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201, 202 (1993). Nor can artificial entities proceed *in forma pauperis Id.* at 203. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Hugh L.
United States District Judge

Date: August 10, 2018